UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HUYEN L. NGUYEN,<br><br>                    Plaintiff,<br>           v.<br><br>JOHN M. MCHUGH,<br><br>                    Defendant. | Case No. 5:13-cv-01847-LHK-PSG<br><br>**ORDER GRANTING-IN-PART MOTION TO COMPEL**<br><br>**(Re: Docket No. 35)** |

Before the court is Plaintiff Huyen L. Nguyen's motion to compel.[1] The government opposes. The parties, through counsel, appeared at a hearing this morning on the motion. In the interests of expediency, the court turns directly to the motion. The court ORDERS as follows:

- Because the Supreme Court has made clear that statistics "showing racial or ethnic imbalance are probative" and often provide "a telltale sign of purposeful" discrimination,[2] the government shall produce responsive discovery that it has in its possession, custody or control. Because "statistics are not irrefutable," the government is free to challenge any statistics Nguyen relies upon down the line. At this stage, however, they are discoverable.

- Nguyen is entitled to complete discovery regarding any contracting agency who was involved in hiring during her period of employment.

- The government must turn over a complete privilege log responsive to privileged communications. That log specifically must indicate whether any documents are responsive to Nguyen's allegation that the government was not permitted to disclose the

---

[1] *See* Docket No. 35.

[2] *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 340, n.20 (1977); *see also Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 489 F. Supp. 282, 300 (N.D. Cal. 1980) *aff'd*, 694 F.2d 531 (9th Cir. 1982) (explaining that *Int'l Bhd. of Teamsters* "established that purposeful employment discrimination may be proved by statistical" evidence).

1
Case No. 5:13-cv-01847-LHK-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL

    in-housing plans to Nguyen due to any business relationship or directive from a superior officer.

- Patient records are not relevant and need not be produced.

- The government shall be bound by the deposition admissions of Coronel Klier.

- Absent a targeted request laying out why expansive e-discovery is warranted, the government is not required to produce a cloned database of the disputed electronic records.

- Unless the parties stipulate otherwise, depositions shall take place where the deponent resides.

- All materials required by this order shall be produced no later than close of business May 21, 2014.

**IT IS SO ORDERED**

Dated: May 6, 2014

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge