UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HUYEN L. NGUYEN, | ) Case No. 5:13-cv-01847-LHK-PSG |
| Plaintiff, | ) **ORDER GRANTING-IN-PART** |
| v. | ) **NGUYEN'S MOTION TO COMPEL** |
| JOHN M. MCHUGH, | ) **(Re: Docket No. 68)** |
| Defendant. | ) |

Before the court is Plaintiff Huyen L. Nguyen's motion to compel.[1] Defendant John M. Mchugh opposes. Pursuant to the local rules, the court finds this motion suitable for disposition on the papers.[2] After considering the arguments, the court GRANTS the motion, but only IN-PART, as set forth below:

- McHugh shall produce Nguyen's unredacted patient and appointment records from December 8, 2009 with a confidentiality designation pursuant to the protective order in this case. Because those records are relevant under Rule 26, and the court is persuaded the protective order adequately safeguards the patient privacy rights implicated, production is warranted.

---

[1] *See* Docket No. 68.

[2] *See* Civil L.R. 7-1(b).

1

Case No. 5:13-cv-01847-LHK-PSG
ORDER GRANTING-IN-PART NGUYEN'S MOTION TO COMPEL

- Because McHugh concedes the December 29, 2009 records are relevant and may be produced subject to the protective order,[3] McHugh shall produce an unredacted copy of (1) the memorandum for record ("MFR") concerning Nguyen from December 29; (2) the appointment records for the clinic on that date; (3) the records of procedures performed and treatment notes from Nugyen, Dr. Wong and Dr. Stewart concerning the procedures referenced in the MFR and (4) the time records of Felicia Colton.[4]

- Because the disputed date(s) where meetings regarding insourcing are clearly relevant, McHugh shall produce appointment and scheduling records for the POM dental clinic for March and April 2010.

- Subject to the presiding judge's discretion, McHugh may not introduce records requested for, but not produced, at trial.

- McHugh shall produce operating procedures, rules, and policies incorporated by reference in the disputed contract. McHugh may discharge his production obligation merely by reference to a publicly-accessible internet source. But if he elects to do so, and again subject to the presiding judge's discretion, McHugh may not subsequently challenge the authenticity of such documents.

- McHugh may elicit testimony at trial that there were additional POM applicants at the time of the insourcing. The absence of supporting documentation to support any percipient witness's claim will fuel a healthy cross. The court is not persuaded that any additional spoliation sanctions are warranted.

**IT IS SO ORDERED.**

Dated: July 28, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[3] See Docket No. 73 at 4 n.1.

[4] Although Nguyen did not request Colton's time records in her moving papers, the court is persuaded that this additional, limited production is warranted.

2
Case No. 5:13-cv-01847-LHK-PSG
ORDER GRANTING-IN-PART NGUYEN'S MOTION TO COMPEL